FILED IN CHAMBERS
THOMAS W. THRASH JR.
U.S.D.C. Atlanta

APR 8 2010

JAMES N. HATTEN, Clerk
By: *Sewell*
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TERANCE LASHAWN GRIMMETTE, BOP No. 48706-019, | : : : | MOTION FOR RELIEF FED. R. CIV. P. 60(B) |
| Movant, | : : | CIVIL ACTION NO. 1:08-CV-2308-TWT |
| v. | : : | CRIMINAL ACTION NO. |
| UNITED STATES OF AMERICA, Respondent. | : | 1:05-CR-118-TWT |

## ORDER AND OPINION

Terance Lashawn Grimmette is a federal prisoner. This matter is before the Court on Grimmette's motion under Federal Rule of Civil Procedure 60(b) for relief from the denial of his earlier motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. For the reasons set forth below, Grimmette's Rule 60(b) motion is without merit.

In March 2005, Grimmette was indicted on two counts of bank robbery [7]. After trial in January 2006, Grimmette was convicted on both counts [96]. Grimmette was sentenced to concurrent 240-month terms of imprisonment [103]. Grimmette appealed [104]. In June 2007, the United States Court of Appeals for the Eleventh Circuit affirmed Grimmette's convictions [128].

Among the issues that were extensively briefed and argued before trial was the admissibility of certain evidence under Federal Rule of Evidence 404(b) [51, 52, 57, 66, 76, 83]. Grimmette raised the same Rule 404(b) issue on appeal, and the bulk of the Eleventh Circuit's opinion affirming his convictions discussed why that evidence was properly admitted [128].

In June 2008, Grimmette filed a § 2255 motion [129]. As grounds for relief, Grimmette stated the following:

> Ground one:
>
> Ineffective Assistance of Counsel/Deprivation of the petitioner's right to a fair trial.
>
> Supporting FACTS (state *briefly* without citing cases or law)
>
> The petitioner contends that his attorney was clearly ineffective for failing to correctly argue, and fully and fairly argue, the fact that he was deprived of of [sic] a fair trial, where the district court allowed the prosecution to admit evidence of false convictions of bank robbery, and the information was false and unreliable. The jury erroneously determined the petitioner's guilt on false and unreliable information and/or testimony.
>
> Ground two:
>
> (To be forwarded to the court on a later date)

Supporting FACTS (state *briefly* without citing cases or law)

[No response]

Ground three:

(To be forwarded to the court on a later date)

Supporting FACTS (state *briefly* without citing cases or law)

[No response]

[129 at 4 (pre-printed language on the § 2255 form is underlined) (capitalization and italicization in original)]. Grimmette requested [130] and was granted [132] an extension of time until late November 2008, to file a supplement and supporting brief for his § 2255 motion. He *never* did so.[1]

On April 9, 2009, long after the 90-day extension granted to Grimmette to file a supplement and supporting brief expired, this Court denied Grimmette's § 2255 motion [142]. This Court determined that "the performance of his trial counsel and his appellate counsel was not deficient" and that the Rule 404(b) issue raised again by Grimmette in his § 2255 motion had already been decided against

---

[1] Grimmette instead filed a dilatory "Request for Clarification" [136] and "Formal Motion for Clarification" [144]. This Court denied [141 & 145] both filings.

Because Grimmette's § 2255 motion as filed (and never supplemented) raised a single issue, the Government responded solely to that issue [137].

him at trial and on direct appeal [142 at 2]. Grimmette did *not* appeal the order and final judgment denying his § 2255 motion.

Ten months later, in February 2010, Grimmette filed an "Emergency Motion for Reconsideration" [146] that this Court denied [147]. Grimmette is now back again with a "Motion for 60(b) Relief Attacking the Integrity of the § 2255 Proceeding and Right to Due Process Under the Fifth Amendment of the United States Constitution" [148].

Federal Rule of Civil Procedure 60(b) provides that:

> On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence . . . ;
> (3) fraud . . . or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied . . . ; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, *under a limited set of circumstances* . . . ." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005) (emphasis added). Among those limitations is the requirement that "a movant seeking relief . . . show 'extraordinary circumstances' justifying the reopening of the final judgment." *Id.*

4

at 535 (quoting *Ackermann v. United States*, 340 U.S. 193, 199 (1950)). "Such circumstances will rarely occur in the habeas context." *Id.*[2]

Nothing in Grimmette's motion suggests that "extraordinary circumstances" exist that warrant disturbing this Court's final judgment. Grimmette himself elected not to appeal the order and final judgment denying his § 2255 motion. Indeed, Grimmette did not even challenge the final judgment by motion for over ten months. This case is not exceptional, and extraordinary relief is not warranted.

Grimmette's Rule 60(b) motion [148] is **DENIED**.

**IT IS SO ORDERED**, this _9_ day of _april_, 2010.

*Thomas W. Thrash*
THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE

---

[2] Although *Gonzalez v. Crosby* involved a habeas petition under 28 U.S.C. § 2254, its holding and reasoning are applicable to Grimmette's § 2255 motion as well. *See Gonzalez v. Sec'y Dep't of Corr.*, 366 F.3d 1253, 1262 (11th Cir. 2004) (en banc) ("[i]n the context of . . . Rule 60(b) motions, we apply 28 U.S.C. § 2254 and § 2255 cases interchangeably"), *aff'd on other grounds sub nom. Gonzalez v. Crosby*, 545 U.S. 524 (2005).